FILED
AUG 27 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID R. McGUIRE and ARLINE B. McGUIRE, | CV. 08-1098-AC |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| SCOTT CIECKO, Clackamas County Counsel; JUDGE RONALD E. CINNIGER, Senior Judge for the State of Oregon; KIM PRIEST, Clackamas County Zoning Enforcement Officer; KEN SPIEGLE, Clackamas County Zoning Enforcement Supervisor; and CLACKAMAS COUNTY, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Presently before the court is a motion to intervene filed by Dorothy H. Mead ("Mead") pursuant to FED. R. CIV. P. 24(b). Mead claims that she has an unprotected interest in this litigation

Page -1- FINDINGS AND RECOMMENDATION                                    {SIB}

by virtue of her membership in, and position as director of, Crystal Springs Assembly Church (the "Church").

## *Background*

David R. McGuire, Arline B. McGuire (the "McGuires"), and the Church filed this action seeking redress for constitutional violations relating to the enforcement of zoning laws with regard to the real property located at 22988 S. Day Hill Road, Estacada, Oregon (the "Property"). The McGuires, appearing *pro se*, applied for *in forma pauperis* status. On November 21, 2008, the court granted the McGuires *in forma pauperis* status and relieved them of the obligation to pay a filing fee. (Am. Order to Proceed *In Forma Pauperis* at 2.) On that date, the court also denied the Church's application for *in forma pauperis* status based on the fact that the Church is an artificial entity and not entitled to such status. The court directed the Church to pay the $350 filing fee within thirty days or face dismissal as a plaintiff in this action. (Am. Order to Proceed *In Forma Pauperis* at 2.)

On January 12, 2009, the court issued an Order to Show Cause noting that the Church had not paid the filing fee, directing the Church to show good cause, in writing, why the filing fee had not been paid, and advising that failure to do so would result in dismissal of the Church as a plaintiff in this action. (Order to Show Cause at 2). The Church failed to respond to the show cause order. On March 6, 2009, the court dismissed the Church from this action, without prejudice, for failure to pay the filing fee. (J. of Dismissal of Pl. Crystal Springs Assembly at 2.)

## *Legal Standard*

FED. R. CIV. P. 24(b)(1)[1] gives the court discretion to permit anyone to intervene who:

---

[1] Mead cites FED. R. CIV. P. 24(b)(2) in her motion. The current version of that rule is limited to intervention by a government officer or agency. The court will consider Mead's motion under Rule 24(b)(1).

Page -2- FINDINGS AND RECOMMENDATION   {SIB}

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

Absent a statute conferring a right to intervene (as is the case in this action), the applicant for intervention must show: (1) independent grounds for jurisdiction; (2) that the motion is timely; and (3) that the applicant's claim or defense, and the underlying action, share a common question of law or fact. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)(citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)). Even when the proposed intervenor satisfies these three requirements, the district could has discretion to deny permissive intervention if the intervention will unduly delay the main action or will unfairly prejudice the existing parties. FED. R. CIV. P. 24(b); *Donnelly*, 159 F.3d at 412. Any motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).

## *Discussion*

Mead has failed to file a pleading that sets out the claim or defense for which intervention is sought, as required by Rule 24(c). For this reason alone, Mead's motion for intervention should be denied. However, even if Mead's motion was filed in accordance with Rule 24, her motion still should be denied.

Mead's asserted interest in this case is only through her capacity as a representative of the Church. She expressly states that she has an interest in the underlying litigation as the director and member of the Church. She contends that she alone is responsible for protecting the property of the Church, as well as the Church's members and pastors, and that the McGuires need assistance

protecting the Church's interest in this litigation. It is clear that Mead is not seeking to intervene to protect her own interests but, rather, the interests of the Church. The Church was an original plaintiff in this action but was dismissed without prejudice when it failed to pay the filing fee. Mead should not be allowed to represent the Church's interest through intervention when the Church elected not to pursue its own interests when faced with paying $350. Furthermore, by allowing Mead to intervene to "protect" the Church's interests, rather than to allow her to protect her individual interests, the court would be allowing her to effectively act as the Church's representative to the court in this case, which she may not do unless she is admitted to practice law in this court. *See, e.g., In re America West Airlines/Licht v. America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994)("Corporations and other unincorporated associations must appear in court through an attorney."). This rule applies to churches. *See Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986)(referring to the church as an unincorporated association and acknowledging that unincorporated associations "must appear through an attorney").

*Conclusion*

Mead's motion (#27) for intervention should be DENIED.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **September 11, 2009**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy

/ / / / /

/ / / / /

/ / / / /

of the objections are filed. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of August, 2009.

_____
JOHN V. ACOSTA
United States Magistrate Judge