IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID R. McGUIRE and                08-CV-1098-AC
ARLENE B. McGUIRE,
                                    ORDER

          Plaintiffs,

v.

CLACKAMAS COUNTY COUNSEL,
SCOTT CIECKO, JUDGE
RONALD E. CINNIGER,
KIM PRIEST, KEN SPIEGLE,
and CLACKAMAS COUNTY,

          Defendants.


DAVID R. McGUIRE
ARLENE B. McGUIRE
22988 S. Day Hill Rd.
Estacada, OR  97203
(503) 656-9089

          Plaintiffs, *Pro Se*


1- ORDER

**EDWARD S. McGLONE III**
Clackamas County Counsel
2051 Kaen Rd.
Oregon City, OR 97045
(503) 655-8362

> Attorneys for Defendant Clackamas County Counsel,
> Scott Ciecko, Kim Priest, Ken Spiegle, and
> Clackamas County

**JOHH KROGER**
Attorney General
**ANDREW D. HALLMAN**
**JAMES S. SMITH**
Assistant Attorneys General
Oregon Department of Justice
1162 Court St. N.E.
Salem, OR  97301
(503) 947-4791

> Attorneys for Defendant Judge Ronald E. Cinniger

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and
Recommendation (#59) on October 26, 2009, in which he recommended
the Court grant the Motion (#31) to Dismiss filed by Defendants
Clackamas County, Clackamas County Counsel, Scott Ciecko, Kim
Priest, and Ken Spiegle (County Defendants) and dismiss the
claims against them with prejudice.  The matter is now before
this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of
Civil Procedure 72(b).

Because no objections to the Magistrate Judge's Findings and
Recommendation were timely filed, this Court is relieved of its
obligation to review the record *de novo* and, therefore, limits
its *de novo* review to the legal principles. *Britt v. Simi Valley*

2- ORDER

*Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

Plaintiffs' Amended Complaint arises from the acts of County Defendants that culminated in a state-court action in Clackamas County Circuit Court.  In that action, County Defendants (as the plaintiffs) brought a contempt proceeding against Plaintiffs (who were defendants in the state-court action) to enforce a 1999 Clackamas County Circuit Court judgment that required Plaintiffs to comply with applicable County codes and zoning ordinances, particularly as to the use of a building on the property as a residence.  Defendant Judge Ronald E. Cinniger ruled in County Defendants' favor on August 4, 2008, and Plaintiffs subsequently filed their Complaint in this Court in which they allege Defendants violated their constitutional rights.

County Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted on the grounds that those claims are barred by (1) the doctrine of claim preclusion, (2) the relevant statute of limitations, and (3) absolute immunity.  County Defendants also asserted Plaintiffs failed to state a claim under 42 U.S.C. § 1983 against Clackamas County because Clackamas County cannot be held liable under a theory of *respondeat superior*.  In addition, County Defendants asserted Plaintiffs' claims under the

3- ORDER

Oregon Constitution are not viable.

The Magistrate Judge found the doctrine of claim preclusion barred all of Plaintiffs' claims against County Defendants except for Plaintiff's defamation claim against Defendant Ciecko because that claim arose after the state-court action.  The Magistrate Judge concluded Plaintiff's defamation claim against Defendant Ciecko was barred by the doctrine of prosecutorial immunity, but the Magistrate Judge did not address whether the other individual Defendants were absolutely immune.  The Magistrate Judge also found the applicable statute of limitations did not barr Plaintiff's claims and declined to address the County Defendants' arguments as to the Oregon Constitution and *respondeat superior* liability as to Clackamas County.

## I.   Claim preclusion.

The Magistrate Judge correctly stated the doctrine of claim preclusion ordinarily "forecloses a party who has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *See G.B. v. Morey*, 229 Or. App. 605, 608 (2009).  In addition, the Magistrate Judge correctly found this matter meets the basic requirements for claim preclusion under Oregon law in that it involves the same facts, same parties, and a request for relief not sought in the state-court action. *See id*.

4- ORDER

The Magistrate Judge also found the doctrine of claim preclusion bars Plaintiffs' claims against all of the County Defendants except for Ciecko because Plaintiffs here (who were, as noted, the defendants in the state-court action) could have brought these claims as counterclaims in that action.  A defendant, however, is not required to bring a counterclaim in Oregon.  *Id*. at 609.  Thus, "claim preclusion does not apply when the plaintiff in the second case failed, *as a defendant* in the first case, to raise a counterclaim."  *Id*.  Accordingly, Plaintiffs' claims in this matter are not barred by claim preclusion unless they fall under one of two exceptions to the rule.

> First, if the first case necessarily adjudicated the claim that the plaintiff pleads in the second case, that claim is precluded.  Second, if the plaintiff in the second case actually asserted a counterclaim or otherwise sought affirmative relief as a defendant in the first case, claim preclusion applies in the same way that it would to a plaintiff filing a claim.  The second exception applies when matters pleaded originally as defenses are used subsequently as a basis for affirmative relief.

*Id*. (internal citations omitted).

Here the 2008 state-court judgment resolves only the issue as to whether Plaintiffs were in contempt when they continued to use an "accessory building" on the property in question as a dwelling in violation of the 1999 state-court judgment. Accordingly, the first exception does not apply.  In addition,

5- ORDER

the record does not reflect Plaintiffs asserted any actual defenses, counterclaims, or otherwise sought affirmative relief in the state-court action, and, therefore, the second exception does not apply.

The Court, therefore, declines to adopt the Magistrate Judge' finding that the doctrine of claim preclusion bars Plaintiff's claims against all County Defendants with the exception of Defendant Ciecko.

## II.  Absolute immunity.

As noted, the Magistrate Judge found absolute prosecutorial immunity protected Ciecko.  Having reviewed the legal principles *de novo*, the Court does not find any error in the Magistrate Judge's finding.

The Magistrate Judge, however, did not address whether the other individual Defendants were similarly protected.  The Court concludes, therefore, the Magistrate Judge must address whether absolute immunity bars Plaintiffs' claims as to those individual Defendants and, if not, whether County Defendants' other arguments provide a basis for granting their Motion to Dismiss.

<u>CONCLUSION</u>

The Court **ADOPTS in part** Magistrate Judge Acosta's Findings and Recommendation (#59) and, accordingly, **GRANTS** Defendants' Motion to Dismiss (#31) **with prejudice** as to Defendant Scott

6- ORDER

Ciecko.  The Court, however, refers this matter back to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) for reconsideration as indicated above as to the merits of Plaintiffs' claims against Defendants Kim Priest, Ken Spiegle, and Clackamas County.

IT IS SO ORDERED.

DATED this 24th day of November, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7- ORDER